UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BALTAZAR A. RAFALES, | CASE NO. 3:26-cv-05123-DGE |
| Plaintiff, | ORDER DISMISSING |
| v. | COMPLAINT (DKT. NO. 6) |
| HOLLAND AMERICA LINE INC., | |
| Defendants. | |

This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. § 1915(a).  Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), has submitted a complaint against Holland American Line, Inc. ("HAL"), Holland America Line Employment Pension Plan, and Philippine Pension Plan, seeking to recover benefits under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a).  (Dkt. No. 6.)

Plaintiff asserts he performed "years of covered maritime services aboard HAL vessels," and Defendants "excluded creditable service" through "partial-service exclusions, plan freezes and spin-offs, administrative reclassification, and fragmentation through Sea Contracts."  (*Id.* at 2.)  Plaintiff asserts that Defendants issued "nominal payments" "far below vested amounts."

ORDER DISMISSING COMPLAINT (DKT. NO. 6) - 1

(*Id.*)  Plaintiff further alleges that on October 31, 2011, an unnamed United States District Court approved a settlement agreement in "*Rafales v. Holland America Line et al*", where Plaintiff was a named plaintiff and Class Action Representative-A.  (*Id.*)  Plaintiff contends he, along with other HAL seafarers have "never received settlement proceeds due under the Court-approved settlement."  (*Id.*)  Plaintiff brings six causes of action: (1) denial of benefits under ERISA; (2) breach of fiduciary duties; (3) equitable relief; (4) failure to provide required plan documents; (5) maritime wage violations; and (6) enforcement of court-approved settlement.  (*Id.* at 2–3.)

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc). "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Plaintiff's complaint contains several deficiencies that merit dismissal at this stage. Plaintiff's first cause of action is for violation of 29 U.S.C. § 1132(a)(1)(B), ERISA § 502(a)(1)(B).  (Dkt. No. 6 at 2.)  § 1132(a)(1)(B) provides, in relevant part, that "[a] civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the

ORDER DISMISSING COMPLAINT (DKT. NO. 6) - 2

terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." "To state a claim under [29 U.S.C. § 1132(a)(1)(B)], a plaintiff must allege facts that established (1) the existence of an ERISA plan as well as (2) the provisions of the plan that entitle it to benefits." *Reiten v. Blue Cross of Cal.*, No. 2:19-cv-05274-AB-AFMx, 2020 WL 1032371, at *2 (C.D. Cal. Jan. 23, 2020) (citation omitted). The complaint lacks any factual allegations identifying any benefit terms, whether Defendants' have denied Plaintiff those benefits, or even why Plaintiff would be entitled to coverage. Similarly, because Plaintiff fails to state a claim as to whether he is entitled to certain ERISA benefits, Plaintiff's theory that Defendants breached their fiduciary duties by failing to pay such benefits must also be dismissed for failure to state a claim.

As to Plaintiff's fourth and fifth causes of action—failure to provide required plan document and maritime wage violations—Plaintiff fails to allege any facts supporting these claims.

Plaintiff's final cause of action is for enforcement of court-approved settlement. (Dkt. No. 6 at 3.) The Court is unclear what October 31, 2011 settlement agreement Plaintiff is referring to, as Plaintiff provides no case citation. Regardless, under the Supreme Court's decision in *Kokkonen v. Guardian Life Insurance Co.,* a district court does not have the inherent power to enforce the terms of a settlement agreement under the doctrine of ancillary jurisdiction. 511 U.S. 375, 381–382 (1994). If a district court wishes to retain jurisdiction to later enforce the terms of a settlement agreement, the order dismissing a case with prejudice must incorporate the terms of the settlement agreement or expressly retain jurisdiction. *Id.* at 380–381. This Court does not have jurisdiction to enforcement the terms of the alleged October 31, 2011 settlement agreement; only the district court that entered the order can, *so long as it expressly retained*

*jurisdiction.*[1]  Plaintiff makes no allegation that the court that approved the settlement agreement chose not to retain jurisdiction.

Lastly, Plaintiff also seeks to bring claims individually and on behalf of a class.  (Dkt. No. 6 at 3–5.)  However, a *pro se* litigant cannot prosecute a matter on behalf of a class.  *Welch v. Terhune*, 11 Fed. App'x 747 (9th Cir. 2001); *see also C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (a *pro se* plaintiff "has no authority to appear as an attorney for others than himself").  Plaintiff's class action allegations are therefore impermissible.

Accordingly, the Court DISMISSES Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).  However, Plaintiff is granted leave to amend his complaint to attempt to cure the deficiencies identified herein.[2]  Any amended complaint shall be filed no later than **April 13, 2026**.  If an amended complaint is not filed, the Court will close this matter.

The Clerk is directed to calendar this event.

Dated this 13th day of March, 2026.

David G. Estudillo
United States District Judge

---

[1] Plaintiff also alleges he received no settlement proceeds from the settlement agreement reached in "*Priyanto v. HAL et al.*"  (Dkt. No. 7 at 1.)  The Court believes Plaintiff is referring to *Priyanto v. M/S AMSTERDAM*, No. CV 07-3811-AHM-JTLX.  To the extent Plaintiff is seeking to enforce the settlement agreement entered in that matter (*see id.* Dkt. No. 330), Plaintiff is directed to bring a claim before that court.

[2] To the extent Plaintiff seeks assistance with this matter, Plaintiff may contact the Federal Civil Rights Legal Clinic, which offers free, limited-scope assistance to self-represented litigants in federal civil rights cases, including, but not limited to, following court rules and procedures or preparing case documents.  Participation is voluntary and the Clinic operates independently from the Court.  To request an appointment, plaintiffs in Seattle may submit the online form at www.kcba.org/nlc or call 206.267.7070 and press "1" to leave a message.  In Tacoma, plaintiffs may request an appointment by calling 253.368.6690.

ORDER DISMISSING COMPLAINT (DKT. NO. 6) - 4